[Cite as *State v. Cassidy*, 2017-Ohio-8351.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 1-17-03

     v.

ROBERT K. CASSIDY,                    O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2016 0193

**Judgment Affirmed**

Date of Decision: October 30, 2017

APPEARANCES:

    *Michael J. Short* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**PRESTON, P.J.**

{**¶1**} Defendant-appellant, Robert K. Cassidy ("Cassidy"), appeals the January 25, 2017 judgment entry of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{**¶2**} This case stems from an incident that took place in Lima, Ohio on April 6, 2016. Ryan Plaugher ("Plaugher") arrived at a carry-out grocery store to purchase baby formula in accordance with an agreement reached via the social networking site Facebook. After approaching a vehicle in the store's parking lot and determining that its occupants had the items he agreed to purchase, Plaugher gave Cassidy, the vehicle's driver, $30.00. Cassidy then produced a firearm and pointed it at Plaugher. Plaugher backed away from the vehicle before Cassidy quickly fled the scene in his vehicle.

{**¶3**} On June 16, 2016, the Allen County Grand Jury indicted Cassidy on Count One of aggravated robbery in violation of R.C. 2911.01(A)(1), (C), a felony of the first degree and Count Two of having weapons while under disability in violation of R.C. 2923.13(A)(2), (B), a felony of the third degree. (Doc. No. 3). Count One included a firearm specification under R.C. 2941.145(A) alleging that Cassidy had a firearm on or about his person or under his control while committing aggravated robbery and displayed, brandished, or indicated that he possessed the firearm or used it to facilitate the offense. (*Id.*). Count One also included a repeat

violent offender ("RVO") specification under R.C. 2941.149(A) alleging that Cassidy was convicted of or pled guilty to aggravated robbery in May of 2007. (*Id.*). Count Two included the same firearm specification that Count One includes. (*Id.*).

{¶4} Cassidy appeared for arraignment on June 27, 2016, and pled not guilty to the counts and specifications in the indictment. (Doc. No. 13).

{¶5} A jury trial took place from November 28 to December 1, 2016. (Doc. Nos. 130, 131, 132). The jury found Cassidy guilty of Counts One and Two as well as the firearm specification included in Counts One and Two. (Nov. 28, 2016 Tr. at 714-716). The trial court held a hearing on sentencing and on the RVO specification on January 19, 2017 at which it found Cassidy guilty as to the RVO specification included in Count One. (Jan. 19, 2017 Tr. at 47). The trial court sentenced Cassidy to eleven years in prison as to Count One and one year in prison as to Count Two. (*Id.* at 78-79). The trial court further sentenced Cassidy to two years in prison as to the RVO specification and three years in prison as to each of the two firearm specifications. (*Id.*). The trial court ordered that all sentences be served consecutively for a total of 20 years of incarceration. (*Id.*). The trial court filed its judgment entry of sentence on January 25, 2017. (Doc. No. 110).

{¶6} Cassidy filed his notice of appeal on January 26, 2017. (Doc. No. 114). He brings three assignments of error for our review.

### Assignment of Error No. I

**The Convictions Are Not Supported By The Weight Of The Evidence.**

{¶7} In his first assignment of error, Cassidy argues that his convictions for aggravated robbery and for having a weapon while under disability are against the manifest weight of the evidence. Specifically, Cassidy argues that the trier of fact lost its way in convicting him of those offenses because there is inconsistent testimony as to whether Cassidy possessed a firearm during the incident. Cassidy further argues that his conviction is against the manifest weight of the evidence because there is no physical evidence linking him to the firearm.

{¶8} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs

heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

{¶9} The criminal offense of aggravated robbery is codified in R.C. 2911.01, which, as relevant here, provides:

> No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]

R.C. 2911.01(A)(1).

{¶10} The criminal offense of having weapons while under disability is codified in R.C. 2923.13, which, as relevant here, provides that, "[u]nless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * the person is under indictment for or has been convicted of any felony offense of violence[.]" R.C. 2923.13(A)(2).

{¶11} At trial, the State called Patrolman Kaitlyn Weidman ("Patrolman Weidman") of the Lima City Police Department, who testified that Plaugher

identified Cassidy from video footage and testified that Plaugher said that Cassidy had a firearm. (Nov. 28, 2016 Tr. at 231-232, 247).

{¶12} On cross-examination, Patrolman Weidman testified that Plaugher informed her that Cassidy had a firearm in his lap during the robbery. (*Id.* at 259). Specifically, she testified that Plaugher told her that Cassidy carried a gun with a black handle during the robbery. (*Id.* at 266).

{¶13} The State next called Plaugher, who testified that Cassidy had a firearm during the robbery and that Cassidy pointed that firearm at him. (*Id.* at 274, 279-281). Plaugher identified State's Exhibit 13 as the firearm that Cassidy pointed at him during the robbery. (*Id.* at 299).

{¶14} On cross-examination, Plaugher testified that Cassidy pointed a firearm at him during the robbery before fleeing the scene. (*Id.* at 314-315). Plaugher further testified that he initially told police that he saw only the handle of the firearm and that such is inconsistent with his testimony at trial. (*Id.* at 322-323).

{¶15} On re-direct examination, Plaugher testified that the assertion that the firearm was initially in Cassidy's lap is accurate, as is the assertion that Cassidy later pointed the gun at Plaugher. (*Id.* at 337).

{¶16} Rachel Wierwille ("Wierwille") was then called as the trial court's witness. (*Id.* at 350). Wierwille, Cassidy's girlfriend and his passenger on the day of the robbery, testified that Cassidy did not have a firearm in the vehicle on the day

in question. (*Id.* at 354-355, 360, 363, 389). She further testified that police deceived her into saying that Cassidy possessed a firearm. (*Id.* at 359-360).

**{¶17}** The State next called Detective Steven Stechschulte Jr. ("Detective Stechschulte"), who testified that Wierwille initially told him Cassidy had a firearm on his lap during the robbery. (*Id.* at 429, 451-452).

**{¶18}** The defense rested without calling any witnesses. (*Id.* at 563).

**{¶19}** In regard to Cassidy's argument as to the consistency and credibility of Plaugher's and Wierwille's testimony, we note that, in assessing the manifest weight of the evidence, "[i]t is well established that the * * * credibility of the witnesses [is] primarily a matter for the trier of fact." *State v.* Clark, 101 Ohio App.3d 389, 409 (8th Dist.1995). A reversal on manifest weight grounds is not required when inconsistencies exist in the testimony of different witnesses. *State v. Wareham*, 3d Dist. Crawford No. 3-12-11, 2013-Ohio-3191, ¶ 24, citing *State v. Humberto*, 196 Ohio App.3d 230, 2011-Ohio-3080, ¶ 11 (10th Dist.) ("The jury may take note of any inconsistencies and resolve them accordingly, believing all, part, or none of a witness's testimony."). Jurors are free to credit testimony offered by the State's witnesses. *See State v. Bates*, 12th Dist. Butler No. CA2009-06-174, 2010-Ohio-1723, ¶ 11, quoting *State v. Bromagen*, 12th Dist. Clermont No. CA2005-09-087, 2006-Ohio-4429, ¶ 38 ("It is well-established that '[w]hen conflicting evidence is presented at trial, a conviction is not against

the manifest weight of the evidence simply because the jury believed the prosecution testimony.' "). As to Cassidy's argument pertaining to the lack of physical evidence linking him to the firearm, we note that a defendant's conviction for a firearm-related offense is not against the manifest weight of the evidence simply because of the absence of physical evidence linking the defendant to the firearm. *State v. Wiley*, 2d Dist. Montgomery No. 22628, 2009-Ohio-1932, ¶ 9. Because the presence of a firearm is the only element Cassidy challenges, that is the only element we will address.

{¶20} Weighing the evidence above, we conclude that Cassidy's convictions for aggravated robbery and possessing a weapon while under disability are not against the manifest weight of the evidence. The jury did not lose its way in finding that Cassidy possessed a firearm. A conviction is not against the manifest weight of the evidence when inconsistencies exist in the testimony of different witnesses. *Wareham* at ¶ 24, citing *Humberto* at ¶ 11. The jury is free to credit Plaugher's testimony. *See Bates* ¶ 11, quoting *Bromagen* at ¶ 38. The jury heard ample evidence from which it could conclude that Cassidy possessed a firearm. Plaugher informed Patrolman Weidman that Cassidy possessed a firearm. Plaugher testified multiple times at trial that Cassidy possessed a firearm and pointed it at him during the robbery. Nor are Cassidy's convictions against the manifest weight of the evidence because the absence of physical evidence such as fingerprints or DNA

linking Cassidy to the firearm. *Wiley*, ¶ 9 (holding that a conviction is not against the manifest weight of the evidence because of a lack of physical evidence linking the defendant to a gun crime). We therefore conclude that Cassidy's convictions are not against the manifest weight of the evidence, and we overrule his first assignment of error.

**Assignment of Error No. II**

**The Trial Court Erred In Failing To Swear In Prospective Jurors
Prior To The Court's Examination Of These Jurors.**

{¶21} In his second assignment of error, Cassidy argues that the trial court erred in failing to swear in prospective jurors prior to its examination of those jurors at the beginning of voir dire.

{¶22} R.C. 2945.27 provides "The judge of the trial court shall examine the prospective jurors under oath or upon affirmation as to their qualifications to serve as fair and impartial jurors, but he shall permit reasonable examination of such jurors by the prosecuting attorney and by the defendant or his counsel."

{¶23} "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Zehner*, 3d Dist. Crawford No. 3-02-30, 2003-Ohio-936, ¶ 22, citing *State v. Childs*, 14 Ohio St.2d 56, 61 (1968), citing *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the

syllabus. Where a defendant had an opportunity to bring any failure to properly swear in jurors to the trial court's attention but did not do so, he cannot later object to the irregularity and seek reversal absent a showing of prejudice. *State v. Vanblarcome*, 10th Dist. Franklin No. 02AP-417, 2003-Ohio-579, ¶ 21-22. No prejudice results from the failure to comply with R.C. 2945.27 where it does not appear that any juror gave a false answer during voir dire examination. *Glaros* at paragraph three of the syllabus.

**{¶24}** In the present case, Cassidy did not call the trial court's failure to comply with R.C. 2945.27 to the trial court's attention. *Vanblarcome* at ¶ 21-22 (concluding that a defendant may not claim error as to the administration of an oath or affirmation absent a clear showing of prejudice on appeal if he did not object to the error at trial). Cassidy does not argue that he was prejudiced because of the trial court's non-compliance with the statute. Indeed, Cassidy could not claim that he was prejudiced by the trial court's mistake because it was not shown that any juror gave a false answer during voir dire examination. *Glaros* at paragraph three of the syllabus (concluding that there is no prejudice resulting from the failure to swear in potential jurors where it does not appear any juror gave a false answer during voir dire examination). Further, the attorney for each party had the opportunity to question the prospective jurors after they were sworn by the trial court. We

therefore conclude that Cassidy has waived this issue on appeal. *Vanblarcome* at ¶ 21-22; *Glaros* at paragraph three of the syllabus.

{¶25} For the foregoing reasons, Cassidy's second assignment of error is overruled.

<strong>Assignment of Error No. III</strong>

**The Defendant Was Denied A Fair Trial As A Result Of Juror Misconduct.**

{¶26} In his third assignment of error, Cassidy claims that he was denied a fair trial as a result of juror misconduct. Specifically, Cassidy argues that he was denied a fair trial because a juror allegedly slept through a portion of the proceedings.

{¶27} It is well-settled that the trial court is in the best position to discern the nature of alleged juror misconduct and to fashion the proper remedy for any demonstrated misconduct. *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 184. Further, the trial court has "'considerable discretion in deciding how to handle a sleeping juror.'" *Id.*, quoting *State v. Sanders*, 92 Ohio St.3d 245, 253 (2001). We will not disturb a trial court's handling of a sleeping juror absent an abuse of that discretion. *See State v. Suarez*, 11th Dist. Geauga No. 2013-G-3167, 2014-Ohio-1350, ¶ 31. Where a defendant requests no remedy at trial and expresses no dissatisfaction with the trial court's handling of an allegedly sleeping juror, such issues are waived on appeal absent plain error. *McKnight* at ¶ 185, citing *State v.*

*Childs*, 14 Ohio St.2d 56 (1968). No plain error occurs when whether a juror was, in fact, sleeping is entirely speculative. *Id.* at ¶ 186.

**{¶28}** App.R. 12(A)(2) provides that we may "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 16(A)(7) provides that an appellant must include in his brief an "argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7).

**{¶29}** In the present case, Cassidy's brief asserts that the allegedly sleeping juror slept "during the direct and cross [examination] of the State's first witness or during the direct examination of the State's second witness." (Appellant's Brief at 7). Cassidy further argues that such misconduct is "especially concerning" if it occurred during Plaugher's direct testimony because Plaugher provided "the sole eyewitness testimony about the presence of a firearm." (*Id.*). Cassidy invites this court to speculate that alleged juror misconduct rendered a juror unable to perceive large or critical portions of witness testimony. However, he cites nothing in the record indicating that such is the case. The only reference in the record to a sleeping juror is the trial court's statement that it received a report that "there may be some

snoozing off." (Nov. 28, 2016 Tr. at 301). Cassidy cites nothing in the record establishing that any sleeping by a juror, if it occurred at all, rendered the juror unable to perceive large or critical pieces of trial testimony. Based on this, we could choose to ignore this assignment of error. App.R. 12(A)(2). Nevertheless, we choose to address Cassidy's third assignment of error. Neither Cassidy nor his trial counsel expressed any dissatisfaction with the manner in which the trial court dealt with the allegedly sleeping juror. Thus Cassidy has waived this issue on appeal absent plain error. *McKnight* at ¶ 185. No plain error occurred in this case because the record reveals only vague allegations of sleeping, and Cassidy has provided no evidence that a juror was, in fact, sleeping. *Id.* at ¶ 186. We therefore conclude that Cassidy has waived this issue on appeal. *Id.* at 185-186.

{¶30} For the reasons explained above, Cassidy's third assignment of error is overruled.

{¶31} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**

-13-